UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **JEAN BLAISE** | * | **CIVIL ACTION NO.  11-0494** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **JOHN SMITH (WARDEN)** | * | **MAG. JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court pursuant to 28 U.S.C. §636(b)(1)(B), is a notice of intent to dismiss for lack of subject matter jurisdiction. *See* June 17, 2011, Order [doc. # 7].  For reasons stated below, it is recommended that the above-captioned Petition for Writ of *Habeas Corpus* Under 28 U.S.C. § 2241 be DISMISSED, without prejudice, for lack of subject matter jurisdiction.  Fed.R.Civ.P. 12(h)(3).

Background

Jean Blaise filed the instant pro se Petition for Writ of *Habeas Corpus* Under 28 U.S.C. § 2241 on March 23, 2011.  At the time of filing, petitioner was an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE).  He was detained at the Tensas Parish Detention Center, Waterproof, Louisiana, awaiting removal to his native country.  Relying on *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491 (2001), petitioner argued that his continued detention in excess of six months violated his constitutional rights.

It recently came to the court's attention, however, that petitioner may no longer be in

custody.  *See* DHS/ICE's Online Detainee Locator System.[1]  Moreover, because the only relief sought by petitioner was his immediate release from custody, the court observed that petitioner's challenge to his post-removal-order detention no longer appeared to present a justiciable case or controversy.  (June 17, 2011, Order).  Accordingly, the court afforded petitioner 14 days to address whether he was still in the custody of DHS/ICE.  *Id*.  The undersigned cautioned that if petitioner failed to so comply or if jurisdiction was found to be lacking, then the undersigned would recommend dismissal of the complaint.  Fed.R.Civ.P. 12(h)(3).  The foregoing delay has since lapsed, with no response from petitioner.[2]

## Law and Analysis

Mootness is a threshold jurisdictional inquiry.  *Louisiana Environmental Action Network v. U.S. E.P.A.*, 382 F.3d 575, 580-81 (5th Cir. 2004) (citation omitted).  If the parties resolve a dispute, or if the dispute disappears because of changed circumstances, then the matter becomes moot and a case or controversy no longer exists.  *See LEAN, supra; Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999).  "The case or controversy requirement of Article III of the Constitution requires a plaintiff to show that he and the defendants have adverse legal interests."  *Bauer v. Texas*, 341 F.3d 352 (5th Cir. 2003) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 57 S.Ct. 461 (1937)).  The court lacks jurisdiction when plaintiff fails to satisfy Article III's "case or controversy" requirement.  *Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006).

---

[1] https://locator.ice.gov/odls/homePage.do   (last visited on June 17, 2011).

[2] The postal service returned the order, marked return to sender, unable to forward.  *See* doc. # 8.

It is axiomatic that federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing federal jurisdiction rests on the party invoking the federal forum. *Id*. Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Furthermore, a court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*

In the matter *sub judice*, petitioner failed to respond to the court's jurisdictional inquiry; consequently, he has not demonstrated that he still resides in respondents' custody. Furthermore, because the sole relief sought by petitioner was his immediate release from custody, the undersigned necessarily concludes that petitioner's challenge to his post-removal-order detention does not present a justiciable case or controversy; therefore, the court lacks subject matter jurisdiction. In the absence of subject matter jurisdiction, dismissal is required. Fed.R.Civ.P. 12(h)(3).[3] Accordingly,

**IT IS RECOMMENDED** that the instant habeas corpus petition be **DISMISSED**, without prejudice, for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or

---

[3] Alternatively, by failing to apprise the court of his change of address, Blaise's petition is subject to dismissal for failure to prosecute. LR 41.3W.

response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 18th day of July 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE